[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, T N Associates (T N), appeals decisions by the defendant, the planning and zoning commission of the town of New Milford (the commission), denying both T N's initial affordable housing subdivision application and its modified application. T N appeals pursuant to § 8-30g of the General Statutes. For the reasons set forth below, the plaintiff's appeal is sustained and the matter is remanded to the commission for further proceedings.
I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY
T N is the owner of 4.029 acres of property on the easterly side of Route 25 in New Milford in a B-1 restricted business zone. T N submitted an application pursuant to General Statutes Sec. 8-30 to subdivide its parcel to create affordable housing. T N proposed to subdivide the parcel into twenty-four lots, each to contain a single family home.
Following the public hearings on the application, which took place during four commission meetings on September 4, September 18, October 2 and October 16 of 1997, the commission denied the application on January 29, 1998.
The commission did not state its reasons for the decision collectively, but included the individual members' commentary "as part of the motion." Individual members commented that the application was incomplete in that it lacked current drawings, a DEP permit for the sewer system, DOT approval "concerning the road," and a DOT permit to access Route 202. Members also stated that the subdivision plan was inconsistent with the town's plan of conservation and development, that "there [were] drainage issues" that were not addressed, that "[t]he road does not meet the road ordinance for the town of New Milford with regard to width and turns," and that "snow removal was not adequately addressed . . ." One commissioner stated that "New Milford does have 34% affordable housing by state standards other than the fact that some of it is not deed restricted." Another member "wanted it noted that the town and the Planning Commission are not opposed to affordable housing, but they are opposed to CT Page 14672 affordable housing that is in contravention with the Plan of Conservation and Development."
Following the denial, T N commenced this appeal and submitted a modified application to the commission. In support of its modified application, T N submitted an updated report from its civil engineer, Patrick Hackett, a drainage plan, and a hydrology report. The updated sewer, drainage and hydrology reports were submitted in response to comments made in connection with the denial of the initial application suggesting that T N had failed to fully address these matters.
The commission denied the modified application on April 2, 1998, "for, but not limited to, the following reasons:
"Public health and safety issues;
"Access for the fire department and other emergency personnel is extremely limited due to the density of this entire proposal. New Milford still has a volunteer fire department, which means most of the firemen show up in their own vehicles as well as EMT's and ambulance personnel;
"Snow removal and relocation would be a major factor concerning fire personnel and other emergency services. If we were to have a major snowstorm, there would be snow piles everywhere making it virtually impossible for any emergency services to get through. There is not enough room for the snow; "This particular modification was never reviewed by our local fire department;
"With the approximate possibility of at least 48 children (2 per household), there would not be adequate space for the children to play except for the roads, as there is no open space;
"With this proposal being on a major roadway, State Route 202, a school bus would block traffic in both directions for quite some time loading (possibly) 48 children;
"Inland Wetlands denial, report dated 1/14/98;
"Report from the town-hired engineering firm Criscuolo 
Shepard Associates, dated 3/18/98."
One member added that the modified plan "is not consistent CT Page 14673 with the New Milford Plan of Conservation and Development." Another stated that "the plan is still based on expanding the sewer with a residential use, which is not in conformance with the Plan of Conservation and Development. A sewer line expansion for residential use in this area has already been rejected by the Commission." The motion to deny the application carried unanimously "with the above reasons added to the motion."
With respect to the denial of the original and modified applications, the commission did not specifically identify, as required by General Statutes Sec. 8-30g the substantial public interests that it sought to protect and therefore did not make the required statutory findings that those "interests clearly outweigh the need for affordable housing and could not otherwise be protected by reasonable changes to the plan".
On April 20, 1998, T N filed a request for leave to amend its complaint to include allegations concerning the denial of the modified application. T N moved to supplement the record on April 23, 1998. Over the commission's objection, on May 19, 1998, the Superior Court, McWeeny, J., granted T N's request to amend its appeal and its motion to supplement the record. T N now appeals the commission's decisions denying the original application and the subsequent modified application.
II. JURISDICTION — STANDING AND AGGRIEVEMENT
General Statutes § 8-30g (b) provides that "any person whose affordable housing application is denied or is approved with restrictions which have a substantial adverse impact on the viability of the affordable housing development or the degree of affordability of the affordable dwelling units . . . contained in the affordable housing development, may appeal such decision pursuant to the procedures of this section. . . . Except as otherwise provided in this section, appeals involving an affordable housing application shall proceed in conformance with the provisions of said Sections 8-8, 8-9, 8-28, 8-30
or 8-30a, as applicable." It is undisputed that T N Associates filed the affordable housing application with the defendant Commission. Further, as demonstrated by the deeds it offered in evidence at the time of trial, T N is the record owner of the property in question. Accordingly, T N has standing to appeal the decision under § 8-30g as well as under the traditional aggrievement test. See Christian Activities Council, Congregational v. Town Council, CT Page 14674249 Conn. 566, 575, ___ A.2d ___ (1999) Bossert v. Norwalk,157 Conn. 279, 285, 253 A.2d 39 (1968).
III. SCOPE AND STANDARD OF JUDICIAL REVIEW
This affordable housing appeal is subject to General Statutes § 8-30g (c), which provides, in pertinent part, that "the burden shall be on the commission to prove, based upon the evidence in the record compiled before such commission that (1)(A) the decision from which such appeal is taken and the reasons cited for such decision are supported by sufficient evidence in the record; (B) the decision is necessary to protect substantial public interests in health, safety, or other matters which the commission may legally consider; (C) such public interests clearly outweigh the need for affordable housing; (D) such public interests cannot be protected by reasonable changes to the affordable housing development . . ." "The burden of proof established in § 8-30g is a specific, narrow standard that a commission must satisfy on appeal. The plain and unambiguous language does not list noncompliance with zoning regulations as a reason to affirm the denial of an affordable housing subdivision application." Wisniowski v. Planning Commission,37 Conn. App. 303, 313, 655 A.2d 1146, cert. denied, 233 Conn. 909,658 A.2d 981 (1995). "Section 8-30g does not allow a commission to use its traditional zoning regulations to justify a denial of an affordable housing application, but rather forces the commission to satisfy the statutory burden of proof." Id., 317. The language of § 8-30g applies "to every type of application filed with a commission in connection with an affordable housing proposal."West Hartford Interfaith Coalition, Inc. v. Town Council,228 Conn. 498, 509, 636 A.2d 1342 (1994)
The commission "must state its reasons on the record, and that statement must take the form of a formal, official, collective statement of reasons for its actions." ChristianActivities Council, Congregational v. Town Council, supra,249 Conn. 576. The commission must show, under § 8-30g (c)(1)(A)'s "sufficient evidence" standard, that "the record before the [commission] support[ed] the decision reached . . . and that the commission did not act arbitrarily . . . illegally . . . or in abuse of discretion." (Citation omitted; internal quotation marks omitted.) Id., 585. This standard applies to all four prongs of the § 8-30g test. Id., 589. "Put another way, in determining whether the commission had sustained its burden under subparagraph (B) of establishing that its decision was necessary CT Page 14675 to protect substantial interests in health, safety or other matters which the commission may legally consider," the court does not itself weigh the record evidence. Instead, the court applies the=sufficient evidence in the record test of subparagraph (A). The court reviews the evidence and asks whether there was sufficient evidence for the commission, based on that evidence, reasonably to have concluded that there was some probability, not a mere possibility, that its decision was necessary to protect those interests." Id. "[T]he same analysis applies to subparagraphs (C) and (D) of § 8-30g (c)(1) as well." Id.
"In other words, the court's task in determining whether the Zoning commission has satisfied its burden . . . is not to weigh the evidence itself. The court's task, rather, is to review the evidence and determine whether, based upon that evidence there was sufficient evidence for the commission reasonably to have concluded that: (1) the "public interests" that the commission sought to protect "clearly outweigh the need for affordable housing" . . . and (2) "such public interests cannot be protected by reasonable changes to the affordable housing development . . ." Id., at 590 (internal citations and quotations omitted.)
In short, the plaintiff's appeal must be sustained unless the commission can show, that: (A) sufficient evidence supports its stated reasons for denial, (B) there is sufficient evidence that T N's noncompliance with the subdivision regulations affects a substantial public interest, (C) the protection of that public interest outweighs the need for affordable housing, and (D) the interest cannot be protected by reasonable changes to the subdivision plan. Christian Activities Council, Congregational v.Town Council, supra, 249 Conn. 579.
IV. DISCUSSION
In its brief and at oral argument, the commission limits its claims to three issues. It argues that the plaintiff's original application and supporting documentation was defective with respect to the storm drainage, sanitary sewer and water supply systems.[1] The commission argues, with respect to the original application, that the plaintiff failed to submit necessary calculations and otherwise failed to respond to concerns raised by the commission's expert concerning the effectiveness and adequacy of these systems. CT Page 14676
With respect to the storm drainage system, the commission contends that the plaintiff failed to submit necessary hydrology and hydraulics computations to determine the adequacy of the proposed system. With respect to the sanitary sewer system, the commission argues that no documentation was presented to the commission to substantiate that the town's sanitary sewer system had the capacity to serve the proposed homes. Finally, with respect to the water supply system, the commission claims that the plaintiff failed to submit information demonstrating that the municipal water supply was available to serve the proposed subdivision. The commission concluded that in the absence of this information its denial of plaintiff's application should be sustained.
In response, T N argues that the information submitted in connection with the original application was sufficient to have permitted the commission to undertake a full review of the proposed project. Further, T N argues that even if the initial application were not supported to sufficient documentation, the modified application adequately addressed the questions and concerns of the commission and its expert.
While the parties vigorously dispute the adequacy of the plaintiff's application and supporting information, it is not necessary to decide, in the context of this appeal, whether the plaintiff adequately responded to the commission's questions and concerns with respect to the water, drainage and sewer systems. Assuming that the information submitted by the plaintiff in its original application was insufficient or incomplete, and that the water, sanitary sewer and drainage systems implicate "substantial public interests in health, safety or other matters which the agency may legally consider";[2] General Statutes Sec. 8-30g
(c)(1)(B); and that "those interests clearly outweigh the need for affordable housing"; General Statutes Sec. 8-30g (c)(1)(C); the commission has failed to sustain its burden of demonstrating that those "public interests cannot be protected by reasonable changes" to the plan. Id.
A review of the record as well as the commission's brief, indicates that the commission has failed to demonstrate that there is sufficient evidence in the record to support a finding that the substantial public interests in adequate water, sewer and drainage systems cannot be protected by reasonable changes in the plan. "[T]he key purpose of Sec. 8-30g is to encourage and CT Page 14677 facilitate the much needed development of affordable housing throughout the state." West Hartford Interfaith Coalition, Inc.v. Town Council, 228 Conn. 498, 511 (1994).
In order that careful and full consideration be given to affordable housing applications, the statutory scheme governing affordable housing appeals require the local zoning commission to consider, evaluate and make specific findings with respect to the criteria set forth in Sec. 8-30g. While, as has been noted, it may be assumed that the commission impliedly concluded that the interests in adequately functioning water, sewer and sanitation systems constitute "substantial public interests" and that such interests "clearly outweigh the need for affordable housing" the record fails to support a finding that there is sufficient evidence to conclude that those interests "cannot be protected by reasonable changes to the affordable housing development."
This is not a case, such as Christian Activities Council v.Town Council, supra, where the reason for the denial is site specific, such that no modification of the plan would accommodate the need, in that case, for open space preservation. Rather, as previously noted, the concerns in this case implicate community wide interests, namely, maintaining an adequate water, drainage and sewer systems. The nature of those concerns are such that it is possible that modifications in the proposed plan would address and accommodate those interests. On the present state of the record, however, the defendant has not sustained its burden of demonstrating that those interests cannot be protected. In the absence of an evidentiary basis for making this essential finding, the plaintiff's appeal must be sustained and the case remanded for further proceedings. See ChristianActivities Council, Congregational v. Town Council, supra,249 Conn. 579; Rinaldi v. Suffield Zoning Planning Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533603 (January 5, 1995, Leheny, J.) (remanding for consideration of reasonable changes under §, 8-30g
(c)(1)(D)); Nucera v. Zoning Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 568039 (August 3, 1998, Axelrod, J.) (concluding that the commission could have conditioned approval upon the receipt of approval from the town's water pollution control authority)
Accordingly, the plaintiff's appeal is sustained and the matter is remanded to the commission for further proceedings.
SO ORDERED. CT Page 14678
ROBERT L. HOLZBERG, J.